IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 17-00112-KD-N |
| ) | |
| COREY DEWAYNE HUGHES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Corey Dewayne Hughes' letter which the Court construes as a motion to award jail credit (doc. 46). Upon consideration, and for the reasons set forth herein, the motion is denied.

A. Background

Hughes pled guilty to the offense of possession with intent to distribute methamphetamine. He was sentenced to a term of 110 months with "said term to run concurrently with the Talladega County Circuit Court, Talladega, Alabama state revocation sentence in CC-2003-149 commencing on September 28, 2018." (doc. 44). Hughes' judgment is silent as to any jail credit, *i.e.*, credit for time spent in custody before his sentence was imposed.

B. Analysis

Hughes appears to argue that the Bureau of Prisons has not given him credit for time spent in state custody.[1] He states that he "reached out to B.O.P." and "they said they don't give out jail credit. It was my lawyer['s] and the sentencing judge['s] job." (doc. 46). He also stated

---

[1] Review of the Sentence Monitoring Computation Data indicates that Hughes was given credit for six years, three months, and twenty-three days in custody when he entered BOP custody on December 6, 2023 (doc. 46-1, p. 2). According to the BOP website, Hughes' estimated release date is May 23, 2026.

that "They're making me do the time over again" (Id.).

However, decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). The Supreme Court has held that "'§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)).

Hughes indicates that the BOP declined to award credit. Therefore, he may pursue a "claim through the Bureau's Administrative Remedy Program." United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). If, after Hughes exhausts the administrative remedy procedures through the BOP, he is still dissatisfied with the result, he may seek judicial review of the computation by way of a petition pursuant to 28 U.S.C. § 2241. Id. Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.

Additionally, Hughe's § 2241 petition must be filed in the district court for the district where he is incarcerated. Hughes is not incarcerated in the Southern District of Alabama. He is incarcerated at FCC Forrest City Low at Forrest City, Arkansas, which is in the Eastern District of Arkansas. Therefore, this Court would not have jurisdiction to hear his § 2241 petition.

DONE and ORDERED this the 20th day of March 2025.

                                         s/ Kristi K. DuBose
                                         KRISTI K. DuBOSE
                                         UNITED STATES DISTRICT JUDGE